UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEVIN CASSADAY,

        Plaintiff,                              Case No. 1:22-cv-683

v.                                                       Honorable Sally J. Berens

NEWAYGO COUNTY JAIL,

        Defendant.
_____/

**OPINION**

This is a civil action brought by a federal pretrial detainee held in county jail. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b) and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendant has not yet been served, the undersigned concludes that Defendant is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that Defendant is not a party who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record

2

does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently detained in the Newaygo County Jail pending trial on charges in *United States v. Cassaday*, No. 1:21-mj-562 (W.D. Mich.). Plaintiff sues the Newaygo County Jail related to his conditions of confinement. He alleges that his cell is designed for eight inmates, but that, except for during a period of three months, it has been overcrowded. He identifies one night where there were 14 inmates in the cell. Plaintiff states that such overcrowding is unhealthy. Plaintiff alleges that he did not get his medications for the first week of his detention. He also

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. Feb. 10, 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

indicates that he was taken off one medication. He states: "prescribed meds have been as a whole good since Plaintiff notified this court of the conduct." (Compl., ECF No. 1, PageID.4.) But Plaintiff also notes that he has not been able to get Tylenol at the commissary for four weeks. Plaintiff claims that he is lucky to get a half hour of recreation per month even though the inmate handbook calls for three hours per week. Plaintiff claims that the sergeant will lock e-cigarettes in the office even though the handbook states that inmates are to have access to e-cigarettes. Plaintiff has proposed a supplement to his complaint. (ECF No. 6.) In the supplement, Plaintiff alleges that the phone system is "screwy." (*Id*., PageID.16.) Plaintiff also claims that in early summer, when the air conditioning unit was freezing over, it was "sweat box torture." (*Id*., PageID.17.) Plaintiff also complains about the food: no salads and no tacos. (*Id*.)

Plaintiff has also moved to amend his complaint. (ECF No. 7.) Plaintiff did not supply a proposed amended complaint; instead, he simply offered additional commentary regarding his earlier allegations. He reports that the overcrowding has settled at 25 percent over capacity (presumably, 10 inmates in a cell designed for eight). Plaintiff suggests that, if the jail were less crowded, the available manpower could handle more recreation time for the prisoners. Finally, Plaintiff acknowledges that the phone system had changed, but it is still not "fixed." (Mot. to Amend, ECF No. 7, PageID.20.)

The Court has considered the facts alleged in his supplement and his motion to amend as if they were alleged in the initial complaint when conducting this initial review. To that extent, the Court grants Plaintiff leave to supplement and amend his complaint.

Plaintiff does not request any specific remedy, but he does pose the following questions:

1. Is the fire chief aware of the overcrowding?
2. Who approved the initial modification to cram inmates?

4

      3. Was it a money move, or inmate health & welfare put first & foremost?

      4. Is this facility dependent on keeping, even illegally det[ain]ed?

      5. Did this facility consider the over burden put on C.O.s?

      6. What comes first for officers, money or respect to others?

(Compl., ECF No. 1, PageID.6.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

### A.     18 U.S.C. § 3626

Plaintiff claims that he brings his claim under 18 U.S.C. § 3626. (Compl., ECF No. 1, PageID.3.) That statutory section was enacted as part of the PLRA. It addresses appropriate remedies in civil actions with respect to prison conditions—but it limits such remedies, it does not create any new cause of action.[2] Therefore, Plaintiff has failed to state a claim upon which relief may be granted under 18 U.S.C. § 3626.

### B.     Newaygo County Jail

The Newaygo County Jail is a building that "is not a legal entity susceptible to suit." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against the Newaygo County Jail.

### C.     Newaygo County

The Newaygo County Jail is "a department of the county, the county is the appropriate party to address [Plaintiff's] suit." *Id*. Accordingly, the Court will address Plaintiff's allegations as if he raised them against Newaygo County.

Plaintiff alleges that he has suffered violations of the Eighth Amendment. Although 18 U.S.C. § 3626 does not create a cause of action for Eighth Amendment violations, 42 U.S.C.

---

[2] *See, e.g., Young v. Governor*, No. 20-11669-G, 2020 WL 4458492, at *1 (11th Cir. Jul. 9, 2020) ("18 U.S.C. § 3626, which addresses the remedies available when a successful § 1983 claim has been prosecuted, does not provide an independent cause of action . . . ."); *Simmermaker v. Trump*, No. 20-cv-01671-KMT, 2021 WL 915985, at *2 (D. Col. Mar. 10, 2021) ("18 U.S.C. § 3626 does not create a cause of action. Rather, it is a procedural statute that limits the remedies available to inmates who bring civil actions with respect to prison conditions."); *Gilmore v. Karandy*, No. 9:20-CV-0542 (MAD/DJS), 2020 WL 4673896, at *2 n.5 (N.D.N.Y. Aug. 12, 2020) ("18 U.S.C. § 3626 addresses remedies available to prisoners with respect to federal civil actions regarding prison conditions, and therefore also does not give rise to an independent cause of action . . . ."); *Blunt v. Ionia Corr. Fac.*, No. 1:13-cv-1048, 2013 WL 6158682, at *5 (W.D. Mich. Nov. 25, 2013) ("18 U.S.C. § 3626, merely describes the types of relief that a federal court may grant with respect to suits challenging prison conditions. It does not provide an independent basis for a cause of action . . . .").

§ 1983 does. That section states: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

A local government such as a county "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under Section 1983 on a respondeat superior theory." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a municipality may only be liable under Section 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35–37 (2010) (citing *Monell*, 436 U.S. at 694 (1974)).

In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020); *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that plaintiff incurred the particular injury because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508–509.

At the dismissal stage, a plaintiff can demonstrate a policy or custom by alleging facts that show one of the following circumstances: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal

7

actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Lipman*, 974 F.3d at 747 (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). Where the actions of a policymaking official are relied upon, it is the court's task to identify the officials or governmental bodies that speak with final policymaking authority for the local government in a particular area or on a particular issue. *McMillian v. Monroe Cnty.*, 520 U.S. 781, 784–85 (1997).

Plaintiff does not allege that the constitutional violations he endured were caused by county policy. In fact, Plaintiff alleges just the opposite with regard to most of the circumstances of which he complains—he alleges that the jail staff are acting contrary to the policy of the county as expressed in the inmate handbook. Accordingly, Plaintiff has failed to state a claim against Newaygo County upon which relief may be granted.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   August 29, 2022                                  /s/ Sally J. Berens
                                                          SALLY J. BERENS
                                                          U.S. Magistrate Judge